**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NEW MEXICO LIFE RESCUE, LLC,
a New Mexico Limited Liability Company,

      Plaintiff,

v.                                                                                                    Civ. No. 05-937 JH/ACT

BUSINESS AIRCRAFT LEASING, INC.,
a Tennessee Corporation, and
CHARLES MULLE, Individually,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the *Motion for an Award of Attorneys' Fees and Expenses on Behalf of Business Aircraft Leasing, Inc. and Charles Mulle* [Doc. No. 24]. The issue raised by the motion is whether Defendants are entitled to recover attorney's fees, and if so, the amount of a reasonable fee. The Court finds that under the contract in this case, Defendants are entitled to recover fees. However, the amount of attorney's fees and costs claimed by Defendants ($21,136.96) is unreasonable. Accordingly, the Court awards Defendants a reduced amount as explained herein.

**I.      ARE DEFENDANTS ENTITLED TO RECOVER ATTORNEY'S FEES?**

In this case, Plaintiff New Mexico Life Rescue, LLC ("NMLR") sued the Defendants in order to enforce the terms of a helicopter lease agreement. That agreement contained a mandatory forum selection clause designating Nashville, Davidson County, Tennessee as the exclusive forum for litigation arising out of or related to the lease agreement. After the helicopter that was the subject of the lease was destroyed, there arose a dispute among the parties regarding their respective rights and responsibilities under the lease. NMLR filed a lawsuit against Defendants in the United States

District Court for the District of New Mexico in order to enforce the terms of the lease. Defendants moved to dismiss the case, arguing that under the forum selection clause, the sole proper forum was in Nashville, Davidson County, Tennessee. The Court agreed and on February 14, 2006, it entered a Memorandum Opinion and Order of Dismissal granting Defendants' motion to dismiss.

Now, Defendants seek to recover their attorneys' fees and expenses pursuant to a clause in the lease agreement that provides:

> In the event of any dispute, litigation or arbitration between the parties hereto with respect to the subject matter hereof, the unsuccessful party to such dispute, litigation or arbitration shall pay to the successful party all costs and expenses, including, without limitation, reasonable attorney's fees, incurred therein by the successful party . . . . For purposes of this Agreement, *the term "successful party" shall mean the party which achieves substantially the relief sought*, whether by judgment, order, settlement or otherwise.

(emphasis added). Under the terms of the agreement, Defendants are the successful party because they sought dismissal of NMLR's claims and an end to litigation in New Mexico, and they achieved that result. Though NMLR characterizes this as a mere "interlocutory skirmish" on a procedural issue, this in fact was an appealable final order that resulted in a dismissal of NMLR's claims. That is in stark contrast to the situation in *Linda W. v. Indiana Dept. of Education*, 200 F.3d 504, 507 (7th Cir. 1999), the case cited by NMLR, in which the plaintiffs obtained only a very small portion of the relief they sought, while the defendants prevailed on all other issues. Here, Defendants obtained all the relief that they were seeking, and therefore under the terms of the lease they are the successful party entitled to recover fees and costs.

NMLR also opposes the award of attorney's fees and costs based upon the doctrine of judicial

estoppel. The Tenth Circuit[1] explained the doctrine of judicial estoppel, stating: "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (quotation and alteration omitted). NMLR argues that Defendants' attempt to have the Court enforce the attorney's fees provision of the lease directly conflicts with Defendants' earlier position that under the forum selection clause, any litigation requiring interpretation of the lease must take place in Nashville, Davidson County, Tennessee. The Court rejects this argument, as NMLR cites no New Mexico or Tenth Circuit authority in support of its position. Rather, it was NMLR who chose to ignore its bargain and file suit in the District of New Mexico, causing Defendants to unnecessarily incur fees in order to have the claims dismissed. The Court perceives no inconsistency in NMLR's position that it is entitled to recover its fees and costs as a result of NMLR's actions.[2]

## II.  REASONABLENESS OF DEFENDANTS' CLAIMED ATTORNEY'S FEES

The lease agreement that governs in this case provides that as the "successful party," Defendants are entitled to recover their "reasonable attorney's fees." The proper procedure for determining a reasonable attorneys' fee is to arrive at a lodestar figure by multiplying the hours

---

[1] Though neither side has raised the issue of what law applies to the issues raised in the motion for attorney's fees, both NMLR and Defendants have cited federal law in their respective briefs. Accordingly, the Court applies federal law in its analysis.

[2] The Court also notes and is persuaded by the Tenth Circuit's decision in *Jim Cooley Construction, Inc. v. N. Am. Construction Corp.*, 1995WL3973 (10th Cir. 1995), an unpublished decision in which the Court affirmed the district court's dismissal of a complaint pursuant to a forum selection clause and its grant of attorney's fees to the prevailing party. The Court has been unable to find any other decision by the Tenth Circuit that addresses these issues.

counsel reasonably spent on the litigation by a reasonable hourly rate. *Case v. Unified School Dist. No. 233, Johnson County*, 157 F.3d 1243, 1249 (10th Cir. 1998). Thus, the burden is on the Defendants, as those applying for attorney's fees, to demonstrate that their attorneys' claimed hours and rates are reasonable. Also, the fee applicant should exercise billing judgment with respect to the number of hours worked and billed. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Billing judgment consists of winnowing hours actually expended down to hours reasonably expended. *Case*, 157 F.3d at 1250.

However, the inquiry into whether the claimed fee is reasonable does not end with the multiplication of the number of hours reasonably expended by the hourly rates found to be reasonable. *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1103 (10th Cir. 2005). Other factors are also relevant, including the reasonableness of the fees in light of the success obtained, which requires the district court to consider "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933. Another factor that the Court must consider is the hourly rate charged by counsel from out-of-state as compared to the prevailing rates in the jurisdiction where the litigation took place. While a party is free to select counsel from any locality, absent a clear showing that the matter could not reasonably have been handled by counsel from the locality, rates above the prevailing local hourly rates should not be applied. *See Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) (every major metropolitan area has numbers of lawyers who can handle all but the most unusual cases, so the appropriate rate is based on the norm for comparable private firm lawyers in the area in which the court sits), *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).

Here, the Court finds that the Defendants have failed in their burden to show both that the total number of hours spent and that the hourly rates claimed are reasonable. With regard to the hours spent, Defendants are claiming 94.6 hours spent by their Tennessee counsel and 5.4 hours spent by their New Mexico counsel, for a total of 100 hours. This time reflects defense counsel's efforts in researching and drafting the motion to dismiss, reviewing NMLR's response brief, preparing the reply, attending a telephonic Rule 26(f) conference, preparing a motion for attorney's fees, and preparing an initial pretrial report. This number of hours strikes the Court as excessive in view of the limited amount of activity in the case, as well as the relative simplicity of the issues raised in the motion to dismiss and motion for attorney's fees.

With regard to the reasonableness of the hourly rates charged, the Court finds that again Defendants have failed to meet their burden to show that those rates are reasonable in light of the prevailing hourly rates charged by comparable private firm lawyers in New Mexico. First, Defendants have failed to furnish any affidavits regarding the current prevailing rates for attorneys in New Mexico engaged in commercial litigation similar to that presented in this case by attorneys with similar levels of experience and expertise. Second, Defendants have failed to provide any information regarding the education, experience, and expertise of attorneys Ann Cargile, Amy Hampton, Emily Walsh, Leslie McCarthy Apodaca, or Aaron Viets. Without such information, it is impossible for the Court to determine whether the hourly rates charged for those attorneys' work are reasonable. Third, in this Court's experience, the rate charged for the work of paralegal Christina Isbell, $120 per hour, is above the prevailing rate charged for paralegal work in New Mexico, and Defendants make no showing to the contrary. Finally, Defendants attempt to recoup hourly charges made by librarians at rates ranging from $50 to $80 per hour. Defendants fail to show not only that these rates are

5

reasonable, but also that it is customary for New Mexico law firms to pass such charges on to their clients. Again, in this Court's experience in New Mexico firms typically absorb librarian costs into overhead expenses. Thus, the Court concludes that Defendants are not entitled to recoup fees billed by any of the foregoing timekeepers.

Defendants did, however, present some evidence regarding the education and experience of attorney Julie M. Burnstein, whose affidavit is attached as Exhibit 1 to Defendants' motion. It appears that Ms. Burnstein has been licensed to practice law since 1996 and has served as pretrial, trial, and appellate counsel in both state and federal courts in Tennessee, as well as in other states. Ms. Burnstein is also a partner in the Nashville, Tennessee law firm of Boult Cummings Conners Berry, PLC. Defendants have requested reimbursement for 39.7 hours of Ms. Burnstein's time at a rate of $230 per hour in 2005 and $260 per hour in 2006. The Court concludes that number of hours is reasonable in light of the amount of work performed for the Defendants in briefing the motion to dismiss and the motion for attorney's fees, along with other incidental matters. However, the Court finds Ms. Burnstein's rates to be slightly higher than the prevailing market rates in New Mexico for attorneys with similar levels of experience and expertise. Rather, a reasonable rate for Ms. Burnstein's work is $210 per hour. Applying the lodestar formula, Defendants are entitled to recover attorney's fees of $8,337.00.

### III.     OTHER COSTS AND EXPENSES

The lease agreement also provides that the successful party may recover "all costs and expenses" incurred during the litigation. As shown on their counsel's billings statements, Defendants seek reimbursement for long distance phone charges, outside copying, photocopies made in-house at the rate of 10 cents per page, postage, telecopying, Westlaw computer research, air freight delivery

charges, outside messenger services, service fees, and unspecified "filing fees."  Beyond the general legal arguments addressed above, NMLR offers no specific objection to these expenses.  Further, the Court notes that the lease agreement states that the successful party is entitled to all costs and expenses, without the requirement that they be reasonable.  Thus, the Court concludes that Defendants are entitled to recover all their claimed costs and expenses in the amount of $1,597.16.

**IT IS THEREFORE ORDERED** that the *Motion for an Award of Attorneys' Fees and Expenses on Behalf of Business Aircraft Leasing, Inc. and Charles Mulle* [Doc. No. 24] is **GRANTED IN PART** and **DENIED IN PART** as described herein, and Defendants are entitled to recover $8,337.00 in attorney's fees and $1,597.16 in costs and expenses.

_____
**UNITED STATES DISTRICT JUDGE**